IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOANN TONEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   2:10-CV-39-TFM |
| MICHAEL J. ASTRUE, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, Joann Toney ("Toney") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review the decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

### I.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

1

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[1]

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment(s) severe?
>
> (3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[2]
>
> (4) Is the person unable to perform his or her former occupation?
>
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). Claimants establish a prima facie case of qualifying disability once they meet the burden of proof from Step 1 through Step 4. At

---

[1] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.
[2] This subpart is also referred to as "the Listing of Impairments."
[3] Though a supplemental security income case (SSI), *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), applies the sequential process applicable to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or hear testimony from a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. "The Social Security Act mandates that 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'" *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), quoting 42 U.S.C. §405(g). Thus, this Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. *Graham v. Apfel*, 129 F.3d

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

1420, 1422 (11th Cir. 1997). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote* at 1560, citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm if the court would have reached a contrary result as finder of fact, or if evidence preponderates against the Commissioner's findings. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Toney, age 44 at the time of the hearing, completed the eleventh grade. Her past relevant work includes employment as a bakery shop worker, fast food worker, cashier, nurse's assistant, home health care aide, and a textile worker.[5] She has not engaged in

---

[5] R. at 42.

4

substantial gainful work activity since her alleged disability onset date of June 15, 2006.[6] Toney's application claims she is unable to work because of rheumatoid arthritis, osteoarthritis, and supraspinatus syndrome, and that she can't sit or stand for more than two hours.[7] Toney described breaking her left knee, tearing ligaments, and undergoing multiple surgeries to correct the problem.[8] She said that she could fall at anytime, that her pain level is eight out of ten, and that she keeps her leg elevated for up to eight hours a day.[9] Toney also has throbbing pain in her shoulder blade.[10] Toney worked for five months as a cashier at McDonalds in 2007, and in a university cafeteria for four months in 2008. She found the pain in her knee to be unbearable and stopped working.[11] Her only medication is Tylenol Arthritis, which sometimes helps her pain.[12] A walking cane was prescribed for Toney.[13]

Medical records show Toney was treated by Dr. Kenneth Taylor in June of 2006 for internal derangement of her left knee. Dr. Taylor performed a left knee arthroscopic surgery and office notes from June 27, 2006 show that there was no effusion or synovitis of the left knee. Toney had full extension of the left knee and 105 degrees of flexion. Toney was treated by Dr. Sohrab Fallahi from March, 2004 through November, 2007 for left arm pain and bilateral knee pain. Toney was treated with injections, Vioxx, and Tylenol. Internal and external rotation of the right and left shoulders showed no

---

[6] R. at 18.
[7] R. at 140.
[8] R. at 29.
[9] R. at 30-32.
[10] R. at 30.
[11] R. at 32-36.
[12] R. at 33, 38.
[13] R. at 39-40.

significant abnormalities.  Dr. Sohrab advised her to lose weight.  Toney was seen at the Alabama Injury and Pain Clinic on January 24, 2008 with complaints of constant pain in her mid to lower back.  The record does not contain treatment notes from this visit.

Dr. H. Gordon Mitchell reviewed Toney's medical record for Disability Determination Service (DDS) and concluded she has the residual functional capacity (RFC) to perform medium work.[14]  Dr. Mitchell concluded Toney's conditions could reasonably be expected to produce some of the claimed symptoms and functional limitations, but that the record does not support the severity Toney alleges.  Her physical abilities, as assessed by Dr. Mitchell, include occasional lifting of up to 50 pounds, frequent lifting of up to 25 pounds; standing/walking up to six hours in an 8-hour workday; sitting up to six hours in an 8-hour workday; and an unlimited ability to push and/or pull.[15]  Dr. Mitchell determined Toney can frequently balance, stoop, or crouch, and occasionally climb stairs/ladders, kneel, or crawl.[16]

The ALJ began his discussion of the medical evidence with a statement that he considered all symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence.  The ALJ also considered Toney's obesity and credible side effects of medications.  The ALJ acknowledged the two-step process in which he must determine whether an underlying medically determinable physical impairment could reasonably be expected to produce a claimant's pain or other symptoms, and second, the extent to which the intensity,

---

[14] R. at 224-33.
[15] R. at 227.
[16] R. at 228.

persistence and limiting effects of the claimant's symptoms limit the ability to do basic work activities.  Essential in this process is the ALJ's consideration of the entire record, in addition to an evaluation of a claimant's credibility regarding these factors.[17]  The ALJ reviewed Toney's medical records for 2004-07 which showed a history of treatment, including multiple arthroscopies and injections, to her left knee.  Toney had shoulder pain from tendonitis, which was treated with Vioxx, Tylenol, and injections.

The ALJ concluded Toney has medically determinable impairments which could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible.  The ALJ found Toney has the residual functional capacity (RFC) to perform tasks consistent with light work, and incorporated most of the physical limitations from the RFC assessment submitted by Dr. Mitchell.  The RFC determination specifically noted that Toney uses a cane, and limited use of her left knee and arm more so than her right.[18]

Credibility factors noted by the ALJ are Toney's record of work activity after the alleged onset date, which was inconsistent with her testimony that she needed to elevate her leg for eight hours each day; relatively infrequent trips to the doctor for allegedly disabling symptoms, failure to lose weight as directed by her physician, and an absence of prescription medications.  Further, the ALJ found Toney's use of advanced strength Tylenol as her sole method of pain relief was inconsistent with her testimony of unbearable pain.  Finally, the ALJ found no treating or examining physician opined

---

[17] R. at 19.
[18] R. at 19, 227-28.

Toney disabled or imposed any physical limitations that are inconsistent with the RFC determination.

The ALJ questioned a vocational expert (VE) during Toney's hearing as to whether a person able to perform light work with physical limitations from Dr. Mitchell's RFC evaluation, as modified, could perform Toney's past work. The ALJ modified the RFC profile by eliminating the use of foot controls with her left leg, limiting reaching with the left arm to frequent, and specifying use of a cane.[19] The VE responded that Toney's past work as a fast-food worker and cashier could accommodate those limitations.[20] The ALJ then asked the VE to consider the same criteria, but only for sedentary occupations. Under this hypothetical, the VE responded that Toney could not perform past work, but could work as a dispatcher, interviewer, or production inspector.[21]

The ALJ found Toney is severely impaired by rheumatoid arthritis, arthritis in the left shoulder, left shoulder supra spinus syndrome, obesity, and degenerative arthritis in the left knee. Toney has a non-severe impairment from back pain. The ALJ found Toney's combination of impairments does not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I.[22] The ALJ found Toney is able to perform past relevant work as a fast food worker and cashier.[23] The ALJ found in the alternative that even if Toney could not return to her past work, Toney can perform

---

[19] R. at 43-44, 46.
[20] R. at 45.
[21] R. at 45-48.
[22] R. at 18.
[23] R. at 22.

light, sedentary work as a dispatcher, interviewer, or product inspector.[24] The VE's testimony supported this alternative finding. The finding that Toney can return to past work led the ALJ to conclude she is not entitled to disability benefits under the Act.[25]

### III. ISSUE

Toney raises a single issue for judicial review:

Whether the ALJ correctly evaluated the evidence of subjective pain and suffering under the Eleventh Circuit pain standard.

### IV. DISCUSSION

**The ALJ correctly applied the Eleventh Circuit pain standard.**

Toney argues the ALJ misapplied the Eleventh Circuit's pain standard to her testimony about subjective pain and limitations. The Commissioner responds that the ALJ followed the correct steps to evaluate testimony of subjective pain and limitations, but simply did not find the testimony credible.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The Eleventh Circuit has set forth criteria to establish a disability based on testimony about pain and other symptoms. It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he

---

[24] R. at 22.
[25] R. at 22. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

> must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted).  A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).  "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  An ALJ must explicitly explain why he chose not to credit a claimant's testimony.  *Brown*, 921 F.2d at 1236.  When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work.  20 C.F.R. § 416.929(a).  "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Under *Wilson*, a claimant's subjective testimony can establish disability if it is sufficiently supported by medical evidence.  *Brown* at 1236.  An ALJ's credibility findings are an important factor in the application of the pain standard.  *Wilson, id*.  Here, the ALJ found Toney's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but did not find Toney credible enough to satisfy the pain standard.  The ALJ noted that no treating physician put physical limitations on Toney's physical activities that were inconsistent with the RFC level set

10

forth in the decision.  Toney's record of work after the alleged onset date of disability was another factor in the ALJ's assessment of her credibility.  Though the work she performed at McDonalds and in a university cafeteria did not meet the level of "substantial gainful activity," the hours and level of exertion at those jobs contradicts Toney's testimony that she needs to elevate her leg for eight hours a day.  The Court notes regulations at 20 C.F.R. § 404.1529(c)(4) permit an ALJ to consider inconsistencies or conflicts between a claimant's statements and other evidence.  *Osborn v. Barnhart*, 194 Fed. Appx. 654, 664-65 (11th Cir. 2006).

In addition, medical records from Dr. Fallahi, and Toney's testimony both indicate her only medication is advanced strength Tylenol.  The ALJ found that Toney's use of over the counter medication as her sole method of pain relief is inconsistent with her testimony she suffers from unbearable pain.  A final factor in the ALJ's assessment of Toney's credibility and level of pain is the record of relatively infrequent trips to her doctor.  The record shows visits for treatment by Dr. Taylor on five dates in June, 2006.  These appointments related to the arthroscopic surgery performed on June 14, 2006.  Dr. Fallahi saw Toney for three visits in March 2004 and January 2007.  Toney visited the Alabama Injury and Pain Clinic once on January 24, 2008.  Toney's relatively infrequent medical appointment, together with her use of over the counter medication were clear indications to the ALJ that her pain is not disabling.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that "pain standard" was not met.); *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that,

when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).

The Court accepts the credibility findings by the ALJ, as the ALJ articulates explicit and adequate reasons for her findings.  *Wilson, id*.  Accordingly, there are no grounds to reverse the Commissioner in this case.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.


DONE this 30th day of December, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE